T.C. Memo. 1996-312

UNITED STATES TAX COURT

ARTHUR B. CROZIER, Petitioner, <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 7846-95.                    Filed July 10, 1996.

<u>Louis A. Ramunno</u> and <u>Roland Barral</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121 (motion).[1]  Respondent determined a deficiency in petitioner's Federal income tax for 1991 in the amount of $13,784 and an

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code in effect for the year at issue.

addition to tax for that year under section 6651(a) in the amount of $304.[2]

Background

At the time petitioner filed the petition, he indicated therein that his address was New York, New York.

In her motion, respondent represents various facts, none of which petitioner has disputed, including the following.[3]

On June 23, 1995, respondent filed an answer denying the allegations in the petition, including petitioner's allegation that assessment of the tax determined in the notice of deficiency (notice) is barred by the applicable statute of limitations. The answer also affirmatively alleged that the applicable statute of limitations did not preclude assessment of the tax determined in the notice because petitioner failed to file an income tax return for the year at issue.

On January 30, 1996, respondent sent a letter to petitioner that invited him to a conference on February 5, 1996, and infor- mally requested that petitioner bring various documents to that conference and engage in informal discussions necessary to the preparation of this case. That letter also advised petitioner that if the date set for the conference was inconvenient, he

---

[2] Respondent also determined interest on those amounts as provided by law.

[3] Although the Court ordered petitioner to file a response to respondent's motion, he failed to do so.

should contact respondent's counsel to reschedule the conference. Petitioner failed to attend the conference scheduled for February 5, 1996, or to contact respondent to reschedule the conference.

In an effort to determine why petitioner failed to attend the conference scheduled for February 5, 1996, respondent attempted to contact petitioner by telephone at the address listed in the petition. Respondent was advised by New York telephone directory assistance that there is no listing for petitioner at that address.

On February 26, 1996, respondent determined that petitioner is currently employed as an attorney by Georgeson & Co., Inc. (Georgeson) in New York City. Respondent obtained the telephone number of Georgeson from telephone directory assistance and left a message with petitioner's secretary after that secretary informed respondent that petitioner was unavailable. Petitioner never returned respondent's call.

Because petitioner had not responded to any of respondent's attempts to engage in informal discovery, on February 28, 1996, respondent served on petitioner respondent's interrogatories pursuant to Rule 71.

On February 29, 1996, respondent again attempted to contact petitioner by telephone at Georgeson and left a message with his secretary. Petitioner never returned that call. By letter dated February 29, 1996 (February 29, 1996 letter), respondent advised petitioner that answers to respondent's interrogatories were

required within 45 days after service of those interrogatories and that his continuing failure to cooperate would result in the filing by respondent of a motion to compel answers to those interrogatories. Respondent further advised petitioner in that letter about the Court's Standing Pretrial Order (Order) that mandated, among other things, that the parties stipulate all relevant matters not privileged and that cautioned the parties that any unexcused failure to comply with the Order might result in appropriate sanctions, including dismissal. The February 29, 1996 letter invited petitioner, once again, to meet with respondent as soon as possible to begin preparation of a stipulation of facts. That letter cautioned petitioner that, because of his continued failure to contact respondent and to cooperate in preparing the case, respondent was prepared to file a motion to dismiss the petition for lack of prosecution. Petitioner failed to respond to respondent's February 29, 1996 letter.

On March 14, 1996, respondent filed a request for admissions with the Court. On March 13, 1996, respondent served petitioner by mail with a copy of that request. Petitioner did not file any response to that request for admissions. Consequently, each matter set forth therein, including the following, is deemed admitted. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Morrison v. Commissioner, 81 T.C. 644, 647 (1983).

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for 1991. Petitioner's failure to file that return was due to willful neglect.

During 1991, petitioner received W-2 wage income from Georgeson in the amount of $54,669 and Form 1099 miscellaneous income from self-employment for services rendered to Newport Electronics, Inc. in the amount of $5,000. During that year, petitioner also received Form 1099 interest income from (1) U.S. Trust Company in the amount of $13, (2) Baybank Boston N.A. in the amount of $148, (3) The Greater New York Savings Bank in the amount of $348, and (4) The Chase Manhattan Bank N.A. in the amount of $23.

For 1991, petitioner is entitled to (1) one personal exemption allowance in the amount of $2,150, (2) the standard deduction in the amount of $2,850, and (3) a deduction for one-half of his 1991 self-employment tax liability, and his filing status is that of a married individual filing a separate return.

On April 24, 1996, respondent attempted to reach petitioner at Georgeson one last time to ascertain the reason for his unresponsiveness and to inform him of respondent's intention to file the instant motion. Respondent left a message for petitioner with his secretary that informed petitioner that respondent had attempted to reach him by telephone and by correspondence on several occasions and that he should contact respondent

as soon as possible.  Petitioner failed to respond to that telephone call of respondent.

On April 29, 1996, respondent filed a motion to compel answers to respondent's interrogatories (motion to compel).  On that date, the Court ordered petitioner to file a written response to the motion to compel.  Petitioner failed to comply with the Court's Order and never filed a response to that motion.  On May 13, 1996, the Court granted respondent's motion to compel and ordered that petitioner serve on counsel for respondent answers to each of the interrogatories in question on or before May 17, 1996.  The Court further ordered respondent to inform the Court in writing by May 24, 1996, whether petitioner had responded to her interrogatories.  On May 22, 1996, respondent advised the Court that, as of that date, petitioner had not responded in any manner to respondent's interrogatories.

Petitioner is an attorney admitted to practice before this Court.

Discussion

Rule 121 allows a party to move for summary judgment on all or any part of the legal issues in controversy.  Pursuant to Rule 121(b), a decision shall be rendered on the motion if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Naftel v.

Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The burden of proof is on petitioner to establish that the determinations in the notice are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner is deemed to have admitted that he received the wage, self-employment, and interest income determined in the notice. Petitioner is also deemed to have admitted that he failed to file a return for 1991 and that that failure was because of willful neglect. Based on the deemed admissions in this case, and taking account of petitioner's failure to set forth facts showing that he is entitled to any deductions or exemptions other than those allowed in the notice, we conclude that respondent has satisfied her burden of proving that no genuine issue of material fact exists as to respondent's determinations for 1991 and that respondent is entitled as a matter of law to a decision thereon. Accordingly, we shall grant respondent's motion. Rule 121; Marshall v. Commissioner, supra at 272.

To reflect the foregoing,

> An appropriate order granting respondent's motion for summary judgment and decision will be entered for respondent.